**Susan Mae POLK, Plaintiff–Appellant,**

v.

**John POLK; et al., Defendants–Appellees.**

**No. 13–16584**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2016 * San Francisco, California

FILED July 18, 2016

Susan Mae Polk, Pro Se

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

MEMORANDUM **

Susan Polk appeals pro se the dismissal of her Racketeer Influenced and Corrupt

Department of Corrections and individual prisons regarding the receipt of such court orders may be prudent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and civil rights conspiracy, 42 U.S.C. § 1985, claims against various individuals who allegedly conspired to take control and liquidate for their own benefit the assets of her husband's estate and a trust holding her real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and affirm.

There was no error in dismissing Polk's RICO claims. Her complaint was filed outside of RICO's four-year statute of limitations, and she alleges no facts supporting equitable estoppel or tolling. *Grimmett v. Brown*, 75 F.3d 506, 513 (9th Cir. 1996) (limiting "separate accrual rule" to "new and independent act[s] that [are] not merely a reaffirmation of a previous act") (emphasis omitted). Polk's claims also fail because she did not adequately allege that Defendants engaged in a pattern of "racketeering activity." *See* 18 U.S.C. § 1961(1) (exhaustive list of crimes that may constitute racketeering activity).

Polk's § 1985 claims were properly dismissed. Polk did not allege interference with any federal court proceeding, as required to state a claim under the first part of § 1985(2). *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991). Nor did she plausibly allege that Defendants were motivated by "class-based, invidiously discriminatory animus," as required to state a claim under the second part of § 1985(2) and under § 1985(3). *Id.* (citation and internal quotation marks omitted); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Finally, there was no abuse of discretion in denying Polk more time to amend her complaint because further amendment would have been futile. *U.S. ex rel. Lee v.*

*SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Polk's request for judicial notice, filed November 26, 2013, is denied as unnecessary.

**AFFIRMED.**